JAMES LYNCH, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Action to recover damages for injuries caused by the defective condition of a city street — the intoxication of the person injured is not a defense, nor does it constitute contributory negligence unless it contributed to bring about the accident.*

Upon the trial of this action, brought to recover damages for injuries resulting from a fall by the defendant down an embankment, alleged to have been caused by the defective condition of one of the streets of the city of New York, evidence was given tending to show that the plaintiff was intoxicated at the time of the happening of the accident. The court, after charging that intoxication was not a defense *per se*, and could not be invoked to decide such an action as this, added: " It is, however, evidence of contributory negligence on the part of the intoxicated person. If he has been guilty of contributory negligence, and that contributory negligence consists in the fact of intoxication, he cannot recover; *the city would be entitled to your verdict if, in this case, you find that Lynch, at the time the accident occurred, was intoxicated, and there is nothing in the case which would enable you to measure degrees of intoxication.*"

*Held,* that it was error to so charge.

That the true rule was, that if the jury found that the plaintiff was under the influence of liquor, and that the intoxication contributed to bring about the accident, the defendant could not recover.

APPEAL from a judgment entered upon the verdict of a jury in favor of the defendant.

*Wallace MacFarlane,* for the appellant.

*John J. Townsend, Jr.,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for injuries resulting from a fall down an embankment, alleged to have been caused by the defective condition of one of the streets of the city of New York. The answer denied any negligence upon the part of the defendant, and alleged contributory negligence. There was some evidence that the plaintiff was intoxicated at the time of the happening of the accident, and it was in instructing the jury as to the effect of this evidence that the learned justice inadvertently fell into an error.

After charging the jury as to the proof in respect to the alleged negligence of the city, the learned judge stated that it must "not only appear that there was negligence on the part of the city, to entitle the plaintiff to recover, but it must be shown that the plaintiff was free from what is technically called 'contributory negligence,' that is, any act on his part which tended to bring about the catastrophe from which he suffered. It is alleged in this case that the plaintiff was intoxicated. Intoxication is not a defense *per se*. It was said very quaintly, by a judge, I think in California, that a drunken man is as much entitled to a safe street as a sober man, and is much more in need of it. The city is bound to keep its streets in good condition, as well for the drunken man as for the sober man. Therefore, intoxication is not a defense which can be invoked to decide such an action as this. It is, however, evidence of contributory negligence on the part of the intoxicated person. If he has been guilty of contributory negligence, and that contributory negligence consists in the fact of intoxication, he cannot recover; *the city would be entitled to your verdict if, in this case, you find that Lynch, at the time the accident occurred, was intoxicated, and there is nothing in the case which would enable you to measure degrees of intoxication.*"

It will be seen that although the charge was that intoxication is not a defense which can be invoked to decide such an action as this, the jury were further charged that intoxication was evidence of contributory negligence on the part of the intoxicated person and that if the plaintiff has been guilty of contributory negligence and that contributory negligence consisted in the fact of intoxication, he could not recover; that the city would be entitled to a verdict, if in this case the jury found that the plaintiff at the time the accident occurred was intoxicated. This portion of the charge was excepted to and was erroneous. If intoxication is evidence of contributory negligence, then no recovery can be had where intoxication is shown, because if there is evidence of contributory negligence the jury are bound to find for the defendant.

In a subsequent part of the charge the learned judge laid down the true rule, viz., that if the jury found that if the plaintiff was under the influence of liquor, and that that contributed to bring about this accident, the plaintiff could not recover; but nowhere

is the previous erroneous instruction taken from the jury, and in fact the last words to the jury contained the erroneous proposition·

The counsel for the plaintiff evidently seeing the mistake which the learned court had made, at the close of the charge stated as a request to charge that the intoxication, if there is any evidence of it, is at most a circumstance for the consideration of the jury in connection with the other facts of the case, and to this the learned court replied : " Intoxication is some evidence of *contributory* negligence that may be taken into consideration by the jury on that subject," thus placing the erroneous proposition again before the jury; omitting to call their attention to the fact that intoxication is no evidence of itself of contributory negligence, and only becomes so by the fact that the intoxication contributed to the happening of the accident. Although as above stated the true rule was laid down to the jury in respect to this class of evidence, yet much greater force was given to the erroneous direction by its repetition.

It is impossible for us to tell which instruction the jury followed, and hence for the error committed the judgment must be reversed and a new trial must be ordered, with costs to the appellant to abide the event.

Bartlett and Macomber, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.